UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK, <br><br> Plaintiff, <br><br> v. <br><br> IMAD AHMED ALOUDI, et al., <br><br> Defendants. | Case No.: 1:20-cv-01217-DAD-SKO <br><br> **ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION** <br><br> (Doc. 11) |

### I.   INTRODUCTION

On August 27, 2020, Plaintiff Hendrik Block filed a civil complaint against Defendants Imad Ahmed Aloudi, dba Shields Food Market aka Shields Community Market ("Defendant Aloudi") and Badr Mohamed Refai, as Trustee of the Badr and Amira Refai Family Trust Established on April 16, 2016 ("Defendant Refai").  (Doc. 1.)  Plaintiff alleges claims under Title III of the Americans with Disabilities Act of 1990 and parallel California law for failure to make Shields Food Market wheelchair accessible.  (Doc. 1.)  According to Plaintiff, Defendant Refai owns the lot where Shields Food Market is located.  (Declaration of Tanya E. Moore ("Moore Decl."), Doc. 11-2 ¶ 2.)

1

On August 27, 2020, the Court issued a summons as to Defendants Aloudi and Refai. (Doc. 3.) On October 21, 2020, the summons was returned executed as to Defendant Aloudi.[1] (Doc. 5.) Plaintiff made two unsuccessful attempts to serve Defendant Refai with the summons and complaint and contends that he cannot be located with reasonable diligence. (Doc. 11 at 2, Doc. 11-1 at 2–3.) Plaintiff thus seeks to serve Defendant Refai by publication in a newspaper of general circulation in Fresno, California. (Doc. 11.)

Plaintiff filed his motion for service by publication on January 11, 2021. Opposition to the motion was due on February 10, 2021. Neither defendant has filed an opposition. The Court finds it appropriate for Plaintiff's motion to be submitted on the record and brief on file without the need for oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the Court will vacate the hearing scheduled for February 24, 2021.

As Plaintiff has not filed a sworn affidavit demonstrating that he has a claim against Defendant Refai as required by California Code of Civil Procedure § 415.50(a), the court denies without prejudice his motion to serve Defendant Refai by publication.

## II.   BACKGROUND

Plaintiff identified Defendant Refai as the owner of the lot by reviewing the Deed Record for 425 West Shields Avenue, Fresno, California (the location of Shields Food Market). (Moore Decl., Doc. 11-2 ¶ 2.) Plaintiff also confirmed Defendant Refai's ownership of the lot by reviewing the Assessment Record using Shield Food Market's address. (*Id*.)

From the "available public records," Plaintiff identified Defendant Refai's residence as 5770 West Millbrae Avenue, Fresno, California. (Moore Decl., Doc. 11-2 ¶ 3.) Plaintiff sought to effect service on Defendant Refai beginning on September 3, 2020. (*Id.*) He hired a process server, County Process Services, Inc., which attempted to effect service of documents on Defendant Refai at his residence on September 8, 2020. (Declaration of Albert Moles ("Moles Decl."), Doc. 11-3 at ¶ 3; Moore Decl., Doc. 11-2 at ¶¶ 3–4.) The current occupant stated Defendant Refai was not known that that

---

[1] Defendant Aloudi is now in default. (*See* Doc. 7.)

2

address. (*Id.*) On October 11, 2020, County Process Services, Inc. again attempted to effect service on Defendant Refai at a second address provided by Plaintiff of 5714 West Magill Avenue, Fresno, California. (Moles Decl., Doc. 11-3 at ¶ 4; Moore Decl., Doc. 11-2 at ¶ 5.) County Process Services, Inc. was not able to effect service, as the current occupant stated Defendant Refai was not known to that address. (*Id.*)

### III.     LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure § 415.50(a)(1) provides, in pertinent part, that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). And, because of due process concerns, service by publication should be allowed only "as a last resort." *Donel, Inc.*, 87 Cal. App. 3d at 333.

Taking a few reasonable steps to serve a defendant does not necessarily mean that all "myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* A plaintiff will

3

generally satisfy his burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by asking his relatives, friends, acquaintances, or employers, and by investigating "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (internal quotations omitted). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id*. The reasonable-diligence inquiry is fact and case specific. *Id*. at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case.").

In addition to the reasonable-diligence requirement, a plaintiff seeking to serve a summons by publication must demonstrate "upon affidavit" that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977). The requesting party must submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication. *Id*. "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." *Donel, Inc*., 87 Cal. App. 3d at 334. The affidavit filed in support of the motion for substitute service "must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication." *Wileman Bros. & Elliott v. Y Farms, LLC*, Case No. 1:19-cv-00909-NONE-BAM, 2020 WL 3127934, at *2 (E.D. Cal. June 12, 2020) (citing *Harris*, 68 Cal. App. 3d at 726–27). The affidavit must be signed by someone with personal knowledge of the essential facts. *See Sananikone v. United States*, No. 2:07-cv-01434-MCE-EFB, 2008 WL 5381690, at *1 (E.D. Cal. Dec. 16, 2008) ("[T]he affidavit . . . must include allegations, based on personal knowledge of the underlying facts, that a cause of action exists against this defendant, or that he is a necessary party to this action.").

///

## IV. DISCUSSION

Plaintiff has not filed an affidavit demonstrating that he has a claim against Defendant Refai. Although he includes affidavits indicating Defendant Refai's ownership of the lot on which Shields Food Market is located and describing the lengths to which County Process Services, Inc. and Plaintiff's attorney went to serve Defendant Refai, none provide "independent evidentiary support . . . for the existence of a cause of action against the defendant." The Court thus denies without prejudice Plaintiff's motion to serve Defendant Refai by publication. *Cf. Wileman Bros. & Elliott*, 2020 WL 3127934, at *2; *Hernandez v. Srija, Inc.*, No. 19-CV-01813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019).

Moreover, while the Court does not decide the issue here, Plaintiff's motion and supporting papers raise a question whether he has demonstrated sufficiently that he cannot with reasonable diligence serve Defendant Refai in another manner. Defendant Refai allegedly owns the lot on which Shields Food Market is located, and thus presumably his co-defendant, Defendant Aloudi, leases its storefront from Defendant Refai and must pay him rent. Plaintiff does not indicate if he inquired whether Defendant Aloudi (who has been served in this case but not appeared) has contact information for Defendant Refai, such as an email address, which might provide an alternative means for service. *Cf. Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 4060219, at *3 (N.D. Cal. Aug. 14, 2014) (denying motion to serve summons and complaint by publication where plaintiff did not contact defendant's co-defendant for defendant's contact information); *see also, e.g., Gray v. Extended Stay Am., Inc.*, No. 2:19-cv-01269-MCE-EFB, 2020 WL 1274265, at *4 (E.D. Cal. Mar. 17, 2020) ("Courts have construed [the California Code of Civil Procedure] as authorizing service by email if it is reasonably calculated to give actual notice to the party to be served.").

Plaintiff's papers also do not indicate whether he tried to contact Defendant Refai by other means, such as calling him by phone or mailing him a copy of the summons and complaint, which may be relevant to whether (1) Plaintiff has shown reasonable diligence, *cf. Burlington Ins. Co. v. Diamond Partners, Inc.*, No. 1:10-cv-0100-LJO-SKO, 2010 WL 2555169, at *2 (E.D. Cal. June 18, 2010) (finding that plaintiff exercised reasonable diligence where, among other things, it called the phone numbers attached to defendant's known addresses) and (2) Plaintiff has actual notice of the lawsuit and is evading

service, thus bolstering the case for service by publication, *cf. Lucero v. IRA Servs., Inc.*, No. 18-cv-05395-LB, 2019 WL 2123576, at *3 (N.D. Cal. May 15, 2019) (observing that whether a defendant has actual knowledge of the lawsuit may be relevant to a motion to serve by publication).

Finally, there is no indication that any efforts have been made to locate Defendant Refai during the last three months, as the last service attempt occurred in October 2020. *See Integon Preferred Ins. Co. v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2017 WL 1351704, at *3 (E.D. Cal. Mar. 24, 2017) (citing Judicial Council Comment to Cal. Civ. Proc. Code § 415.50(a) ("[A]ttempts at personal service, search, affidavits, and the court's order for publication must, however, follow in reasonably quick succession so that they would relate to the conditions at the time of publication.")). Should Plaintiff renew his motion to serve the summons and complaint by publication (as opposed to in another manner), he may wish to address these issues more thoroughly.

### V.     ORDER

Based on the forgoing, IT IS HEREBY ORDERED that Plaintiff's motion for service by publication (Doc. 11) is DENIED WITHOUT PREJUDEICE and the hearing set for February 24, 2021, is VACATED.

IT IS SO ORDERED.

Dated:   **February 16, 2021**                     /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

6